## Lakeside Park Company v. Forshark

*L. R. Rickard*, for plaintiff.

*Wiesen, Cusick & Madden*, for defendant.

RODGERS, P. J., November 18, 1955.—The matter before the court is the petition of seven individuals and one unincorporated association for the right to intervene in the above matter.

Two sections of the Rules of Civil Procedure appear to apply. Rule 2327 states:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if (4) The determination of such action may affect any legally enforceable interest of such person . . ."

Rule 2329 states:

". . . an application for intervention may be refused, if (2) The interest of the petitioner is already adequately represented;"

The original action is a complaint in equity for an injunction against defendant Leroy F. Forsmark. It alleges that defendant Forsmark has entered upon certain described lands and waters of plaintiff to construct a pier or other structure and secondly, that Forsmark has caused motor boats to be launched upon and bathers to enter the lands and waters of plaintiff. Plaintiff prays that the defendant be enjoined from continuing with his construction work, and secondly, that he be enjoined from trespassing over and on the waters and lands in question.

The proposed answer of the petitioners attached to their petition to intervene, concerns itself almost entirely with their rights to use the water of Sandy Lake as a public highway and alleges that the public has an easement in and upon such waters.

Both plaintiff and defendant appear to agree that the basic issue involved is whether or not the waters in question constitute a navigable lake. If this is the issue, and we believe it is, the petitioners in the present matter possess "a legally enforceable interest", but it is an interest no different from that of original defendant. The question remains as to whether the interest of the petitioners is already adequately represented. In this regard it should be noted that the counsel selected by the petitioners is also counsel for original defendant. More important, however, is the similarity of the rights of the petitioners with those of the defendant.

One writer has said:

"In view of the fact that intervention has received its greatest growth in equity, it may be concluded that 'adequately represented' permits both an inquiry whether there is of record a person who technically represents the interests of the applicant for intervention and also whether such representatives are in fact performing their function of representation in a proper and efficient manner. If the court concludes that the interest of the petitioner is already represented by a party to the action and that such representation is adequate, the right to intervene may be refused". 4 Anderson Pa. Civ. Pract., page 527.

This court believes that there is now of record a person who both technically and actually represents the interests of the petitioners in a proper and efficient manner.

### Order

And now, November 18, 1955, the petition of Harry Bell, James Hines, Edward J. Balas, Charles Bruno, J. P. Hines, George McGowan, R. M. Harrison and Stoneboro Yacht Club, an unincorporated association, is hereby dismissed.